## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TOCCARA A. GREENE,
         Appellant,

     v.

DEPARTMENT OF THE ARMY,
         Agency.

DOCKET NUMBER
DA-0752-19-0460-I-2

DATE:  May 6, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Toccara A. Greene, Wallisville, Texas, pro se.

Erin D. Reid, Galveston, Texas, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action.  On petition for review, the appellant argues that the administrative judge improperly denied her request for a subpoena and that he made several factually inaccurate statements in the initial decision.[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

[2] The appellant also alleges that she was unable to obtain certain documents due to the COVID-19 pandemic while the appeal was pending before the administrative judge.

Petition for Review (PFR) File, Tab 1 at 3-6. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.[3] 5 C.F.R. § 1201.113(b).

---

PFR File, Tab 1 at 4. However, the appellant does not attach any of these documents to her petition for review, nor does she explain how the contents of these documents would impact the outcome of this matter. *Id.*

[3] On June 3, 2023, the appellant filed a pleading stating only "[w]ithdrawal of Petition for Review." PFR File, Tab 6 at 3. Consistent with Board policy, the Office of the Clerk of the Board responded to the appellant, informing her that "to ensure the appellant's request to withdraw her petition for review is knowing and voluntary, the appellant is ordered to submit a brief pleading within 7 days of the date of this Order confirming that her request to withdraw her petition for review is voluntary and that she understands the withdrawal is with prejudice to refiling with the Board." PFR File, Tab 7 at 2 (emphasis removed). The appellant did not respond to the Acting Clerk's order. Thereafter, the Acting Clerk issued a second order again informing the appellant of the steps necessary to withdraw her petition for review. PFR File, Tab 8 at 1. That order also informed the appellant that if she did not file a pleading confirming her intent to withdraw her petition for review, the Clerk's Office would not act on her request to withdraw the petition for review, and the Board would instead issue a decision. *Id.* at 1-2. The appellant did not respond to the order. On August 8, 2023, the Acting Clerk informed the appellant that it would take no further action to process the June 3, 2023 pleading seeking to withdraw the petition for review and that the appeal would be returned to the Board for consideration. Accordingly, the Board is issuing this decision addressing the appellant's petition for review.

On review, the appellant argues that the administrative judge erred in denying her motion for a subpoena that would have allowed her to obtain a declaration that "directly rebutted the one document evidence provided by the agency." PFR File, Tab 1 at 3. An administrative judge has wide discretion to control the proceedings of an appeal. *Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 10 (2010); 5 C.F.R. § 1201.41. In order to obtain a reversal of an initial decision based upon an abuse of discretion, the petitioning party must show that the resulting error affected the outcome of the case. *Sanders*, 114 M.S.P.R. 487, ¶ 10; 5 C.F.R. § 1201.115(c). Here, the administrative judge denied the appellant's motion because it did not comply with 5 C.F.R. § 1201.73(c) or 5 C.F.R. § 1201.81, which set forth the procedural and substantive requirements for requesting subpoenas. *Greene v. Department of the Army*, MSPB Docket No. DA-0752-19-0460-I, Initial Appeal File (IAF), Tab 36 at 3. The administrative judge invited the parties to present any objections to the order within 3 days. *Id*. at 4. The appellant did not object to the order, nor did she refile her motion to comply with the relevant regulations. Thus, we discern no basis to disturb the administrative judge's finding.[4] *See Brown v. Department of the Army*, 96 M.S.P.R. 232, ¶ 6 (2004) (rejecting an argument presented on review when the party failed to preserve an objection by objecting to the administrative judge's order below).

Regarding the appellant's claims that the administrative judge incorrectly decided important facts in this matter, we disagree. PFR File, Tab 1 at 4-5. After a thorough review of the record, we find that the administrative judge considered the evidence as a whole and made reasoned and logical conclusions that are

---

[4] Additionally the appellant fails to explain how the denial of the subpoena affected the outcome of the matter. PFR File, Tab 1 at 3. Although the appellant claims that the information would have "directly rebutted" the agency's document, the two parties listed in the subpoena already confirmed that the certificate of care was false, and thus we fail to understand how this additional information sought by the appellant would have resulted in a different outcome. IAF, Tab 14 at 175; *Greene v. Department of the Army*, MSPB Docket No. DA-0752-19-0460-I-2, Appeal File, Tab 11 at 25-26.

supported by the evidence. Accordingly, we discern no reason to challenge the administrative judge's findings.[5] *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (declining to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[5] In response to the appellant's claim of disability discrimination, the administrative judge determined that the appellant failed to establish that she was entitled to relief because she failed to establish that her disability was a motivating factor in the agency's decision to remove her. ID at 14-17. While the administrative judge was accurate in stating that appellant must establish that her disability was a motivating factor in her removal in order to receive some relief, in light of the Board's decision in *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, we clarify that to be entitled to full relief an appellant must show that disability discrimination was a but-for cause of the personnel action. *Pridgen*, 2022 MSPB 31, ¶¶ 21-22, 40, 42. As the appellant did not establish that her disability was a motivating factor in her removal, she cannot meet the higher but-for standard required to obtain full relief. Accordingly, we see no need to further address this matter. Similarly, the record supports the administrative judge's finding that the appellant offered nothing more than mere speculation that her removal was motivated by retaliation for her EEO complaint. ID at 18-19. Thus, there is no showing of motivating factor in this regard, and there is no need to further address this issue. *See Pridgen*, 2022 MSPB 31, ¶¶ 21-22, 43-44, 47.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.